UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

CASE NO. _3:22CV·518·RGJ_

**FILED**
JAMES J. VILT, JR. - CLERK

SEP 2 9 2022

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

DONALD VIOLETT                                    PLAINTIFF

## JURY TRIAL DEMAND

DANIEL CAMERON                                    DEFENDANT

CHRIS HENRY                                       DEFENDANT

JOHN & JANE DOE (To Be Determined During Discovery)    DEFENDANTS

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

## THE PARTIES TO THIS COMPLAINT

A.    THE PLAINTIFF

DONALD VIOLETT
3001 West Highway 146
LaGrange, Kentucky 40032
502-222-9441

B.    THE DEFENDANTS

DANIEL CAMERON
State Capitol
700 Capitol Avenue
Frankfort, Kentucky 40601

Chris Henry
1024 Capital Center Drive
Frankfort, Kentucky 40601

JOHN & JANE DOE
(To Be Determined During Discovery)

1

**BASIC FOR JURISDICTION**

What is the basic for Federal Court Jurisdiction
(X)  Federal Question

Plaintiff vehemently argues the Defendants violated Plaintiff's United States constitutional 1st Amendment rights, that reads, in pertinent parts:  the government  "shall make no law respecting" -- "to petition the government for a redress of grievances" -- when Defendants submitted defamatory unfounded statements to the State courts to cause the State courts to impose sanctions on the Plaintiff preventing the Plaintiff from seeking redress of grievances as Defendants' defamatory statements are refuted by the State trial court records.  The State courts threaten Plaintiff if he seek redress based on new evidence he is convicted and prison incarcerated on fabricated and dismissed charges the Courts would hold Plaintiff in contempt.

**IS THE BASIC FOR JURISDICTION IS A FEDERAL QUESTION**

Can Defendants use defamatory statements to cause a great injustice and irreparable harm to Plaintiff's rights to access the Courts to seek redress of grievances to cause the Courts to issue published opinions that are refuted by the trial court records?

Can Defendants intimidate, harass, retaliate against the Plaintiff in a legal process because the Plaintiff come up with new evidence Plaintiff was illegally convicted and prison incarcerated on fabricated and dismissed criminal charges?

Does the overt actions committed by the Defendants constituted violating Plaintiff's 1st Amendment unlawful detention rights and, a 14th Amendment due process violation by having published opinions be issued to cause a great injustice and irreparable harm to Plaintiff's freedom?

**STATEMENT OF DISCLAIMER**

This action is not an attack on the Plaintiff's illegal criminal conviction but proof Defendants overt actions to keep Plaintiff unlawful detention because the Plaintiff come up with new evidence Plaintiff was illegally convicted and prison incarcerated on fabricated and dismissed criminal charges and, the police officer filed a sworn affidavit that contained false information, lied to the grand jury and during trial about allegation the allegedly victims never told the police or prosecutor about.

**PLAINTIFF ALLEGES**

In 2014, a person that worked in the Warren County Justice Center started feeding Plaintiff with information that there was evidence in the police officer's files that could exonerate the

2

Plaintiff.   Plaintiff also learn he was convicted and prison incarcerated on fabricated and dismissed criminal charges.    For over 25 years, the Bowling Green Police Department claimed the investigative reports pertaining to the Plaintiff's criminal case were sealed.  Plaintiff used the Kentucky Supreme Court's opinion, found in <u>Cincinnati Enquirer v. City of Forth Thomas,</u> 406 S.W.3d 842 (Ky. 2013).  Plaintiff found the police officer filed false information in an affidavit, gave perjured testimony to the grand jury and during trial, and, withheld evidence that exonerated the Plaintiff.

When the Plaintiff presented facts, documents, and proof, to the State courts he was convicted and prison incarcerated on fabricated and dismissed criminal charges, Defendants, individually in his personal capacity and collectively while acting under color of state action, in his official capacity, violated Plaintiff's United States constitutional 1st Amendment rights by submitting defamatory unfounded statements to the Courts about Plaintiff to cause a great injustice and irreparable injury to cause incorrect opinions by those Courts when those defamatory statements are refuted by the trial court records.

When the Plaintiff presented facts, new evidence, proof, to the State courts, he was convicted and prison incarcerated on fabricated and dismissed criminal charges and the police officer gave false information in an affidavit to the courts and gave perjured grand jury and trial testimony, the Defendants, individually, in his personal capacity and collectively while acting under color of state action, in his official capacity, violated the Plaintiff's United States constitutional 4th Amendment rights to cause an unlawful detention of the Plaintiff by submitting defamatory statements to the courts about the Plaintiff to cause a great injustice and irreparable injury that caused incorrect opinions by those courts when those defamatory statements and opinions are refuted by the trial court records.

When the Plaintiff presented facts, new evidence, and proof, he was illegal convicted and prison incarcerated on fabricated and dismissed criminal charges, the Defendants, individually, in his personal capacity, and collectively, while acting under color of state action, violated the Plaintiff's 14th Amendment due process rights, by submitting defamatory false statements to the courts about the Plaintiff to cause a great injustice and irreparable harm, to cause those incorrect opinions and decisions to be published when those defamatory statements are refuted by the trial court records.

When the Plaintiff attempted to present facts, new evidence, and proof, he was unlawfully convicted and prison incarcerated on fabricated and dismissed criminal charges and the police officer filed false information in a sworn affidavit in the court and gave perjured grand jury and trial testimony about allegations the supposedly victim never told the police officer and the prosecutor, to cause a great injustice and irreparable harm to cause cruel and unusual punishment on the Plaintiff, in violation of the Plaintiff's 8th Amendment as Plaintiff now suffers emotional and mental problems from the unlawful detention, caused by the Defendants' defamatory unfounded statements to the State courts.

**DEFAMATORY FALSE STATEMENTS MADE BY DEFENDANTS**

1.  that a jury verdict convicted Violett of 157 counts of sexual abuse in the first degree and five counts of first-degree rape.

2.  Violett was charged with committing one count of first-degree sodomy, once a week, from the weeks of May 22, 1982 until January 20, 1989.

3.  During the first trial, following the presentation of all the evidence, but prior to jury instructions, the defense counsel suffered a heart attack.

4.  Prior to the retrial, both sides agreed that the evidence had been fully developed at the first trial and both counsel, as well as Violett, agreed to present evidence from the first trial by means of a videotape tape to the second jury.

5.  In this case, there is no evidence connection between the evidence of prior sexual activity that directly challenged medical testimony introduced at trial.

6.  At the time our Court of Appeals first imposed sanctions on Violett  - her had filed an astonishing 64 criminal appeals and original actions  - in that court.

Defendants <u>cannot</u> produce any proof to support these defamatory unfounded statements. Plaintiff has a copy of the videotapes, court documents, and court records to disclaim Defendants' false defamatory statements.

## RELIEF SOUGHT

Defendants produce sufficient proof to support their defamatory false statements.

For the proper Federal agency(s) ( FBI / DOJ ) investigate Defendants' action of violating Plaintiff's 1st, 4th, 8th, and 14th Amendment rights and why Plaintiff was convicted and prison incarcerated on fabricated and dismissed criminal charges, and, why the police withheld evidence that affected the outcome of Plaintiff's criminal trial.

## ACTUAL DAMAGES

To be determined by the Jury.

## EXEMPLARY DAMAGES

For intimidation, retaliation, harassment - through the overt actions by the Defendants giving defamatory false statements about the Plaintiff  in the legal process -  $1,000,000.oo from each Defendant

## PUNITIVE DAMAGES

For Defendants making multiple defamatory false statements against the Plaintiff to affect his 1st, 4th, 8th, and  14th Amendment rights and causing those defamatory false statements be

4

published to cause cruel and unusual punishment on the Plaintiff - $1,000,000.oo from each Defendant.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure, by signing as the Affiant, DONALD VIOLETT, certifies to the best of his knowledge, information, and belief that this Complaint: (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or, needlessly increase the cost of litigation; (2) is supported by evidence, court records, existing law or by a non-frivolous argument for extending, modifying or reversing laws; (3) the factual contentions have evidentiary support, or, if specifically so identified will likely have evidentiary support after discovery; and, (4) the complaint complies with the requirements of Rule 11 the action of the Defendants made defamatory false statements about the Plaintiff; those defamatory false statements were published ; those defamatory false statements caused a great injustice and irreparable injury to the Plaintiff; and, those defamatory false statements caused cruel, emotional, mental, and unusual punishment on the Plaintiff.

_Donald Violett_

DONALD VIOLETT  - AFFIANT
3001 West Highway 146
LaGrange, Kentucky 40032
502-222-9441

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

5

Donald Vloten
KSR 664843
3001 W Hw
LAGRANGE

3A
10

KENTUCKY STATE REFORMATORY
LAGRANGE, KY 40032
INMATE MAIL
NOT RESPONSIBLE FOR CONTENTS

NEOPOST          FIRST-CLASS MAIL
09/27/2022
US POSTAGE $002.88⁰

ZIP 40032
041M11457337

U.S DISTRICT COURT
601 West Broadway
Louisville, Ky
40202